In re: SONY CORP. SXRD REAR PRO-
JECTION TELEVISION MARKET-
ING, SALES PRACTICES & PROD-
UCTS LIABILITY LITIGATION.

MDL No. 2102.

United States Judicial Panel on
Multidistrict Litigation.

Oct. 9, 2009.

Before JOHN G. HEYBURN II,
Chairman, ROBERT L. MILLER, JR.,
KATHRYN H. VRATIL, DAVID R.
HANSEN, W. ROYAL FURGESON, JR.
and FRANK C. DAMRELL, JR., Judges
of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants
Sony Corp. of America; Sony Electronics
Inc.; and Sony Corp. (collectively Sony)
move, pursuant to 28 U.S.C. § 1407, for
coordinated or consolidated pretrial pro-
ceedings of the seven actions listed on
Schedule A in the Southern District of
New York or, alternatively, the Southern
District of California. The defendants'
motion encompasses five actions in the
Southern District of New York and one
action each in the Eastern District of New
York and Eastern District of Texas.

According to defendants, plaintiffs in the
five Southern District of New York actions
support centralization in the Southern Dis-
trict of New York. Plaintiffs in the actions
outside the Southern District of New York
do not oppose centralization in the South-
ern District of New York.

After considering all argument of coun-
sel, we find that these seven actions in-
volve common questions of fact, and that
centralization under Section 1407 in the
Southern District of New York will serve
the convenience of the parties and wit-
nesses and promote the just and efficient
conduct of this litigation. All actions in-
volve common factual questions arising
from the performance of the "optical
block" of second generation Sony WEGA
SXRD rear projection HDTV televisions.[1]
Specifically, plaintiffs allege that this ma-
jor component of the subject televisions is
inherently defective, causing yellow stains,
green haze and other color anomalies that
interfere with the television's display.
Centralization under Section 1407 will
eliminate duplicative discovery; prevent
inconsistent pretrial rulings, particularly
with respect to class certification; and con-
serve the resources of the parties, their
counsel and the judiciary.

The Southern District of New York
stands out as an appropriate transferee
forum. No party opposes centralization in
this forum. Further, by centralizing the
actions before Judge Robert P. Patterson,
Jr., we are selecting a jurist experienced in
multidistrict litigation who has before him
the majority of all actions. Additionally,
Judge Patterson is already familiar with
the contours of this litigation by virtue of
presiding over similar litigation involving
the first generation of the subject televi-
sions.

IT IS THEREFORE ORDERED that,
pursuant to 28 U.S.C. § 1407, the actions
listed on Schedule A and pending outside
the Southern District of New York are
transferred to the Southern District of
New York and, with the consent of that
court, assigned to the Honorable Robert P.
Patterson, Jr., for coordinated or consoli-
dated pretrial proceedings with the actions
listed on Schedule A and pending in that
district.

---

1. The actions concern one or more of the
following models: KDS–R60XBR2, KDS–
R70XBR2, KDS–50A2000, KDS–55A2000,
KDS–60A2000, or KDS–60A2020.

## SCHEDULE A

MDL No. 2102—IN RE: SONY CORP. SXRD REAR PROJECTION TELEVISION MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION

*Eastern District of New York*

*Rollie Minton v. Sony Electronics, Inc., et al.,* C.A. No. 1:09–956

*Southern District of New York*

*Paul Meserole, et al. v. Sony Corp. of America, Inc., et al.,* C.A. No. 1:08–8987

*Michael Ouellette, et al. v. Sony Corp. of America, Inc., et al.,* C.A. No. 1:09–1939

*Tom Webber v. Sony Corp. of America, Inc., et al.,* C.A. No. 1:09–2557

*Rick Raymo v. Sony Corp. of America, Inc., et al.,* C.A. No. 1:09–2820

*Wayne Crusinberry v. Sony Corp. of America, Inc., et al.,* C.A. No. 1:09–3461

*Eastern District of Texas*

*Sabrina Cardenas v. Sony Corp. of America, Inc., et al.,* C.A. No. 6:09–271